UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BAVLSIK and<br>KATHLEEN SKELLY,<br><br>        Plaintiffs,<br><br>    v.<br><br>GENERAL MOTORS LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)    No. 4:13 CV 509 DDN<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This action is before the court following a hearing on all pending motions on September 30, 2014.[1] Consistent with the comments of counsel and the court during the hearing,

**IT IS HEREBY ORDERED** that the motion of defendant (Doc. 31) to quash the Rule 30(b)(6) deposition and its request that the court strike plaintiffs' rebuttal expert Sicher (Doc. 39 at 10) are denied. While plaintiffs have not alleged in their complaint a factually plausible claim based upon the seatbelt present in the subject vehicle, the record indicates the parties' positions, taken during pretrial discovery, that there is a basis for believing that the subject seatbelt played a part in the alleged injury.

**IT IS FURTHER ORDERED** that motion of plaintiffs (Doc. 35) to compel production of documents by defendant is denied without prejudice. The requests for information are excessively broad and not reasonably focused on the vehicle involved in the alleged incident.

**IT IS FURTHER ORDERED** that the motion of plaintiffs (Doc. 43) to compel defendant to answer interrogatories is denied without prejudice. During the hearing the parties agreed to discuss and agree to the exchange of expert witness compensation or consideration, in amounts related to work in this case, and for the past five years the frequency of their employment or retention in other cases either by defendants or by plaintiffs.

---

[1] The court appreciates very much the cooperation of all counsel for being available for the hearing after the late change in the hearing setting from 10:00 a.m. to 11:00 a.m.

**IT IS FURTHER ORDERED** that the motion of plaintiffs (Doc. 46) for sanctions and to strike the deposition of Anthony Melocchi is denied. During the hearing the court expressed its conclusion that whether or not in deponent Melocchi's personal opinion defendant "ha[d] a responsibility to design its vehicles to protect occupants in a foreseeable accident" is not relevant to a claim of either strict liability or negligent product defect, and is inadmissible on the issue of witness bias under Federal Rule of Evidence 403 because any probative value in an answer to the question is outweighed by undue prejudice, especially in the highly governmentally and industrially regulated area of motor vehicle design. The parties may reconvene Mr. Melocchi's deposition and conclude it without the participation of the court. However, at the parties' request, the court may agree to preside over the deposition either in the courtroom or by remote audio-video conference.

**IT IS FURTHER ORDERED** that the current trial and final pretrial conference settings are vacated.

**IT IS FURTHER ORDERED** that not later than October 14, 2014, the parties must file with the court a joint proposed scheduling plan for the conclusion of all discovery and the jury trial of this action.

              /S/ David D. Noce
              **UNITED STATES MAGISTRATE JUDGE**

Signed on October 1 , 2014.