# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BAVLSIK and** | ) | |
| **KATHLEEN SKELLY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No.  4:13-cv-00509-DDN** |
| **vs.** | ) | |
| | ) | |
| **GENERAL MOTORS LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## GENERAL MOTORS LLC'S PROPOSED JURY INSTRUCTIONS

Defendant General Motors LLC ("GM LLC") submits the following Proposed Jury Instructions for use in this matter at the close of the evidence in this case.  Because the applicable choice of law rules require the application of Minnesota law to the claims made in this case, the instructions are submitted consistent with Minnesota law and the Minnesota Jury Instruction Guides—Civil (cited hereinafter as "CIVJIG").  GM LLC reserves the right to submit additional or different instructions should the evidence and rulings of the Court require them.

Dated:  August 25, 2015.          HANSON BOLKCOM LAW GROUP, LTD.

_____/s Mickey W. Greene_____
Kent B. Hanson (#40939MN) (admitted *pro hac vice*)
Mary E. Bolkcom (#9581MN ) (admitted *pro hac vice*)
Mickey W. Greene (#16740X) (admitted *pro hac vice*)
527 Marquette Avenue, Suite 2300
Minneapolis, MN 55402
612.342.2880
Email: khanson@hblawgroup.com
          mbolkcom@hblawgroup.com
          mgreene@hblawgroup.com

*and*

Peter B. Hoffman  (#25645MO)
BAKER STERCHI COWDEN & RICE, LLC
1010 Market Street, Suite 950
St. Louis, MO 63101
314-231-2925
Email:  hoffman@bscr-law.com

**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS LLC**

## CIVJIG 25.10 Negligence and Reasonable Care--Basic Definition

**Definition of "reasonable care"**

Reasonable care is the care a reasonable person would use in the same or similar circumstances.

**Definition of "negligence"**

Negligence is the failure to use reasonable care.

Ask yourself what a reasonable person would have done in these circumstances.

Negligence occurs when a person:

1. Does something a reasonable person would not do; or
2. Fails to do something a reasonable person would do.

# CIVJIG 25.46 Compliance With Statute

**Compliance with legal duty**

There is evidence in this case that defendant followed a legal duty written into law as a statute.

It is not conclusive proof of reasonable care if you find that defendant followed such a legal duty.

It is only evidence of reasonable care.

Consider this evidence along with all the other evidence when you decide if reasonable care was used.

# CIVJIG 25.47 Evidence of Custom

**Evidence of standards or custom**

Evidence of standards or custom is not conclusive.  It is just one piece of evidence.

1. You may consider an industrial standard to decide whether reasonable care was used.

2. You may consider what is usually done or customary in this industry to decide whether reasonable care was used.

Consider this evidence along with all the other evidence when you decide if reasonable care was used.

**CIVJIG 25.55 Fact of Accident Alone--No Inference of Negligence**

The fact that an accident has happened does not by itself mean that someone was at fault.

# CIVJIG 27.10 Direct Cause

**Definition of "direct cause"**

A "direct cause" is a cause that had a substantial part in bringing about the collision or injury.

# CIVJIG 27.15 Concurring Cause

## Definition of "concurring cause"

There may be more than one direct cause of an injury.

This occurs if the effects of the negligence or fault of each of two or more persons work at about the same time to cause the injury.

If this occurs, each may be a direct cause of the injury.

# CIVJIG 28.15 Comparative Fault

**Definition of "fault"**

Fault consists of:

[1] Negligence; and/or
[2] Sale of a product in a defective condition unreasonably dangerous to the user, consumer, or his property.

**Percentage of fault**

If you find that plaintiff's fault is greater than 50%, then plaintiff will receive no damages.

If you find that plaintiff's fault is 50% or less, then plaintiff's damages will be reduced by that percent.

If you assigned a percentage of fault to plaintiff, I will do the reduction of damages. You are not to reduce any damage amounts yourselves for this reason.

This instruction is not meant to suggest that you should find anyone at fault. It is to tell you about the relationship between the percentage of fault and the damages received.

## CIVJIG 75.20 Design Defect
### [If Strict Liability Claim Submitted Instead of Negligence—Both Not Submitted]

**Manufacturer's duty as to product design**

A manufacturer has a duty to use reasonable care to design a product that is not in a defective condition unreasonably dangerous to users of the product when the product:

1. Is used as intended, or
2. Is used in a way that the manufacturer could reasonably have anticipated.

**Evaluating manufacturer's design choices**

A manufacturer must keep up with knowledge and technology in the field.

A manufacturer's duty must be judged according to the knowledge and technology existing at the time the product was sold.

In deciding whether a product was in a defective condition unreasonably dangerous because of the manufacturer's design choices, consider all the facts and circumstances, including:

1. The danger presented by the product
2. The likelihood that harm will result from use of the product
3. The seriousness of the harm
4. The cost and ease of taking effective precautions to avoid that harm
5. Whether the manufacturer considered the knowledge and technology in the field

**CIVJIG 75.35 Liability of Manufacturer or Seller of Goods—Negligence [If Negligence Claim Submitted Instead of Strict Liability Claim—Both Not Submitted]**

**Definition of "negligence"**

Negligence is the failure to use reasonable care.

Ask yourself what a reasonable person would have done in these circumstances.

Negligence occurs when a person:

1. Does something a reasonable person would not do; or
2. Fails to do something a reasonable person would do.

**Duty of the manufacturer or seller to use reasonable care**

A manufacturer of a product has a duty to use reasonable care to protect people who are likely to be exposed to unreasonable risk of harm.

"Reasonable care" is the care a reasonable person would use under the same or similar circumstances.

A manufacturer must keep up with knowledge and technology in the field. You should decide whether the manufacturer used reasonable care in the light of that duty.

**CIVJIG 75.50 Causation**

**Definition of "direct cause"**

A "direct cause" is a cause that had a substantial part in bringing about the injury.

**CIVJIG 90.10 Compensatory Damages--Personal and Property Damages--Definition**

      **Question(s) _____, \_\_\_\_\_, and _____ in the verdict form are the damages questions.**

**Answer each question independently**

      When you decide damages, do not consider the possible effect of your answers to other questions.

**Damages are money**

      The term "damages" means a sum of money that will fairly and adequately compensate a person who has been injured. Damages may include past and future injury. It must be proved that future injury is reasonably certain to occur.

# CIVJIG 90.15 Damages--Burden of Proof

**Definition of "burden of proof"**

A party asking for damages must prove the nature, extent, duration, and consequences of his or her injury.

You must not decide damages based on speculation or guess.

### CIVJIG 90.20 Compensatory Damages--Personal and Property Damages--General Instruction
### [Incorporating CIVJIG 91.10, 91.15, 91.20, 91.25, 91.30, 91.35]

**Deciding the amount of damages**

In answering question(s) ___, _____, _____, and _____ , you are to decide the amount of money that will fairly and adequately compensate plaintiff Michael Bavlsik for his past and future injury.

**Items to include**

You may award damages for the following items if the evidence shows they resulted from the accident:

**Past damages for bodily and mental harm**

Items to include for past damages for bodily and mental harm:

1. Pain
2. Disability

plaintiff has experienced up to the time of your verdict.

**Future damages for bodily and mental harm**

Future damages for bodily and mental harm may include:

1. Pain
2. Disability

plaintiff is reasonably certain to experience in the future.

**Factors to consider**

You should consider:
1. The type, extent, and severity of the injuries
2. How painful the injuries are
3. The treatment and pain involved in that treatment
4. The length of time the injury or harm is likely to last
5. Any other factors you think are relevant.

It is difficult to put an exact value on these items that are not necessarily decided on a daily or hourly basis.

**Past damages for health care expenses**

Past damages for health care expenses may include:

1. Medical supplies
2. Hospitalization
3. Health care services of every kind

necessary for treatment up to the time of your verdict.

**Future damages for health care expenses**

Future damages for health care expenses may include:

1. Medical supplies
2. Hospitalization
3. Health care services of every kind

reasonably certain to be necessary for treatment in the future.

Include the reasonable value of the services of attendants if needed for plaintiff's care.

**Past damages for loss of earnings**

Past damages for loss of earnings may include:

1. Earnings
2. Salary
3. Value of working time

lost as a result of the injury, from the time of injury to date.

**Loss of future earning capacity**

If you find that future disability is reasonably certain to occur, you may consider the effect of that disability on plaintiff's future earning capacity. Consider what the person is able to earn in the future. Consider whether plaintiff's future earning capacity has been destroyed or reduced. You may decide damages for this loss or reduction of future earning capacity.

**Factors to consider**

In determining the amount of future damages for loss of earning capacity, you should consider:

1. Age
2. Health
3. Skill
4. Training
5. Experience
6. Work habits
7. Length of loss of earning capacity
8. Years of earning expectancy compared to plaintiff's life expectancy.

**No consideration of other sources of payment**

Do not consider whether plaintiff has received or may receive payment from other sources.

## CIVJIG 90.25 Adjustment of Future Damages--Present Cash Value

**Present cash value of damages**

After finding the dollar value of future damages for:

a. Loss of future earning capacity
b. Future health care expenses,

you must then find the present cash value of this amount, and award only the present cash value. This is called "adjusting," and is based on inflation and the fact that invested money earns interest.

**Steps in adjusting**

The following steps are involved in adjusting:

1. Decide if plaintiff is entitled to damages for:

a. Lost/reduced future earning capacity
b. Future health care expenses.

2. If so, decide the amount of these future damages in today's dollars. In doing this, you may also consider whether inflation will increase the:

a. Value of future earning capacity
b. Future health care expenses.

3. Decide for how long in the future plaintiff will:

a. Experience lost/reduced future earning capacity
b. Incur future health care expenses.

4. Decide how much money plaintiff needs if he invests it now through the time in the future when he will need it for:

a. Lost or reduced future earning capacity
b. Future health care expenses.

**Damages that must be adjusted**

You must adjust damages only for:

1. Loss/reduction of future earning capacity
2. Future health care expenses.

**Damages not to be adjusted**

You must not adjust damages for:

1. Future pain,
2. Future disability,
3. Future emotional distress,
4. Any past damages.

# CIVJIG 91.45 Mitigation of Damages--Person

## Duty to act reasonably in caring for an injury

A person who is injured has a duty to act reasonably in getting treatment and care for his or her injury.

He or she is limited to those damages that he or she would have experienced if he or she had acted reasonably in getting treatment and care.

**CIVJIG 91.47 Mitigation of Damages--Loss of Earnings (Modified)**

**Duty to act reasonably to limit loss of earnings**

A person has a duty to act reasonably to reduce his or her loss of earnings.

He or she is limited to those damages that he or she would have experienced if he or she had acted reasonably <u>by limiting his loss of earnings.</u>

**CIVJIG 91.50 Items of Personal Damage--Spouse's Damages for Injury to Spouse**

**Damages for injury to a husband**

When a husband is injured, he has a claim for damages, and his wife may also have a claim.

The wife's claim for damages may include:

1. The loss of her husband's services and companionship she would have received in the usual course of married life up to the date of trial

2. The value of her husband's services and companionship she is reasonably certain to lose in the future.

# CIVJIG 91.85 Life Expectancy Tables

**Calculate life expectancy**

 According to life expectancy tables, the future life expectancy of a 50-year-old male is _ _____ years. This means he is expected to live to age _____.

 Use this figure to help you determine the probable life expectancy of plaintiff. It is not conclusive proof of his life expectancy, and you are not bound by it. It is only an estimate based on average experience.

 You may find that plaintiff might live a longer or shorter period than that given in these tables.

 Consider this figure along with evidence of the health, physical condition, habits, occupation, and surroundings of plaintiff and other circumstances that might affect his life expectancy.