UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BAVLSIK and KATHLEEN SKELLY, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 4:13-cv-00509-DDN |
| vs. | ) ) |
| GENERAL MOTORS LLC, | ) ) |
| Defendant. | ) ) ) |

# GENERAL MOTORS LLC'S PROPOSED SPECIAL VERDICT FORM

Defendant General Motors LLC ("GM LLC") submits the following Proposed Special Verdict Form for use in this matter. Because the applicable choice of law rules require the application of Minnesota law to the claims made in this case, the verdict form is submitted consistent with Minnesota law and the Minnesota Jury Instruction Guides—Civil (cited hereinafter as "CIVJIG"). GM LLC reserves the right to submit a modified special verdict form should the evidence and rulings of the Court require them.

Dated: August 25, 2015.    HANSON BOLKCOM LAW GROUP, LTD.

                            /s Mickey W. Greene
                          Kent B. Hanson (#40939MN) (admitted *pro hac vice*)
                          Mary E. Bolkcom (#9581MN ) (admitted *pro hac vice*)
                          Mickey W. Greene (#16740X) (admitted *pro hac vice*)
                          527 Marquette Avenue, Suite 2300
                          Minneapolis, MN 55402
                          612.342.2880
                          Email:  khanson@hblawgroup.com
                                        mbolkcom@hblawgroup.com
                                        mgreene@hblawgroup.com

*and*

Peter B. Hoffman  (#25645MO)
BAKER STERCHI COWDEN & RICE, LLC
1010 Market Street, Suite 950
St. Louis, MO 63101
314-231-2925
Email:  hoffman@bscr-law.com

**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS LLC**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL BAVLSIK and KATHLEEN SKELLY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:13-cv-00509-DDN<br>)<br>) |
| GENERAL MOTORS LLC, | )<br>) |
| Defendant. | )<br>) |

## **SPECIAL VERDICT FORM**

We, the jury, in the above-entitled action, for our Special Verdict, answer the questions submitted to us as follows:

1. Was Defendant General Motors LLC negligent in the design of the subject vehicle?

    Answer:   Yes_____   No _____

If your answer to Question No. 1 was "Yes," then answer Question No. 2. If your answer to Question No. 1 was "No," then the foreperson should sign the verdict form and notify the court attendant.

2. Was this negligence a direct cause of the plaintiff's injuries?

    Answer:   Yes_____   No _____

If your answer to Question No. 2 was "Yes," then answer Question No. 3. If your answer to Question No. 2 was "No," then the foreperson should sign the verdict form and notify the court attendant.

**[If submitted as a strict liability claim rather than as a negligence claim, the following two questions should be used in place of Questions 1 and 2.]**

1. Was the subject vehicle in a defective condition unreasonably dangerous to the users of the product because of its design?

    Answer:   Yes_____   No _____

If your answer to Question No. 1 was "Yes," then answer Question No. 2. If your answer to Question No. 1 was "No," then the foreperson should sign the verdict form and notify the court attendant.

2. Was that design a direct cause of the plaintiff's injuries?

   Answer: Yes_____ No _____

If your answer to Question No. 2 was "Yes," then answer Question No. 3. If your answer to Question No. 2 was "No," then the foreperson should sign the verdict form and notify the court attendant.

3. Was Plaintiff Michael Bavlsik, M.D., negligent at the time of the accident?

   Answer: Yes_____ No _____

If your answer to Question No. 3 was "Yes," then answer Question No. 4. If your answer to Question No. 3 was "No," then proceed directly to Question No. 6.

4. Was plaintiff Michael Bavlsik, M.D.'s negligence a direct cause of the plaintiff's injuries?

   Answer: Yes_____ No _____

If your answer to Question No. 4 was "Yes," then answer Question No. 5. If your answer to Question No. 4 was "No," then proceed directly to Question No. 6.

5. Taking all of the fault that contributed as a direct cause of the plaintiff's injuries to be 100%, what percentage do you attribute to:

   General Motors LLC: _____%

   Michael Bavlsik, M.D.: _____%
   Total:                         100%

6. What amount of money will fairly and adequately compensate plaintiff Michael Bavlsik, M.D. for damages directly caused by the accident of July 7, 2012, up to the time of this verdict for:

   a. Past pain and disability?           $_____

   b. Past health care expense?           $_____

   c. Past loss of earnings?              $_____

4

7. What amount of money will fairly and adequately compensate plaintiff Michael Bavlsik, M.D. for damages reasonably certain to occur in the future, directly caused by the accident of July 7, 2012, for:

    a. Future pain and disability? $_____

    b. Future health care expense? $_____

    c. Future loss of earnings? $_____

8. What amount of money will fairly and adequately compensate plaintiff Kathleen Skelly for her past and future loss of her husband's services and companionship directly caused by the accident of July 7, 2012?

    $_____

Dated: September ___, 2015.

_____
FOREPERSON