UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


| | | |
|---|---|---|
| MICHAEL BAVLSIK and<br>KATHLEEN SKELLY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  4:13-cv-00509-DDN |
| | ) | |
| GENERAL MOTORS LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

**GENERAL MOTORS LLC'S ADDITIONAL PROPOSED JURY INSTRUCTIONS**

---

Defendant General Motors LLC, without waiving its objections to choice of law issues,

hereby submits the following additional proposed jury instructions for use in this case:

Dated:  September 29, 2015.

HANSON BOLKCOM LAW GROUP, LTD.


By     /s Kent B. Hanson
    Kent B. Hanson, Esq., #40939 MN (*pro hac vice*)
527 Marquette Avenue, Suite 2300
Minneapolis, MN  55402
Email:  khanson@hblawgroup.com
Telephone:  612.342.2880
Facsimile:  612.342.2899


-and-


Peter B. Hoffman, Esq., #25645MO
BAKER, STERCHI, COWDEN & RICE
1010 Market Street, Suite 950
St. Louis, Missouri  63101
Telephone:  314.231.2925
Facsimile:  314.434.4459
**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS LLC**

INSTRUCTION NO. _____

**<u>Evidence in the case</u>**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (6th Ed.), Civil, Section 103:30

Submitted by Defendant General Motors LLC

INSTRUCTION NO. _____

**Questions not evidence**

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the

assertion as evidence of that fact.  The lawyer's questions and statements are not evidence.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (6th Ed.), Civil, Section 103:34

Submitted by Defendant General Motors LLC

INSTRUCTION NO. _____

**<u>All Persons Equal Before the Law</u>**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed.), Civil, Section 103.12

Submitted by General Motors LLC

INSTRUCTION NO. _____

**<u>Manufacturer Not a Guarantor</u>**

The manufacturer of a product is not a guarantor that nobody will get hurt in using the article. What the manufacturer is required to do is to make a product that is free from defective and unreasonably dangerous conditions.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (5th Ed.), Civil, Section 122.23

Submitted by Defendant General Motors LLC

INSTRUCTION NO. _____

A manufacturer is not obliged to market only one version of a product, that being the very safest

design possible.

*Linegar v. Armour of America, Inc.*, 909 F.2d 1150, 1154 (8th Cir. Mo. 1990)

Submitted by Defendant General Motors LLC

INSTRUCTION NO. _____

A product is not defective or unreasonably dangerous merely because it is possible to be injured

while using it.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (6th Ed.), Civil, Section 122.10

Submitted by Defendant General Motors LLC

INSTRUCTION NO. _____

## **<u>Negligence</u>**

In determining whether defendant was negligent, you must consider whether defendant did something a reasonable manufacturer would not have done or failed to do something a reasonable manufacturer would have done under the same circumstances.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (6th Ed.), Civil, Section 122.13

Submitted by Defendant General Motors LLC

INSTRUCTION NO. _____

**Crashworthiness doctrine**

Any design defect not causing the accident would not subject the manufacturer to liability for the entire damage, but the defendant manufacturer would be liable for that portion of the damage or injury caused by the defective design over and above the damage or injury that probably would have occurred as a result of the impact or collision absent the defective design.

If you find defendant manufacturer is liable to plaintiff, the manufacturer is in no event liable to compensate plaintiff for any damages or injuries that would have occurred as a result of the collision if the alleged defective condition was not present.

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (6th Ed.), Civil, Section 122.20

Submitted by Defendant General Motors LLC