# INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You must follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

# INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict or decision should be, by any of my rulings or comments during the trial. You alone must determine what the facts are in this case.

# INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 4

You will have to decide whether certain facts have been proved. A fact has been proved, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

# INSTRUCTION NO. 5

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

# INSTRUCTION NO. 6

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation and an individual are entitled to the same fair trial.

# INSTRUCTION NO. 7

During this trial, the testimony of witnesses has been presented to you by way of deposition, consisting of sworn recorded answers by each witness to questions asked before the trial by counsel. Each such witness's testimony is entitled to the same consideration, and is to be judged as to credibility and weight, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present here in the courtroom and had testified from the witness stand.

# INSTRUCTION NO. 8

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may give or state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

# INSTRUCTION NO. 9

As used in these instructions and in the Special Verdict form you will use, the terms "negligent" and "negligence" mean the failure to use ordinary care. The phrase "ordinary care" means that degree of care that an ordinarily careful individual person or an ordinarily careful motor vehicle manufacturer would use under the same or similar circumstances.

As used in these instructions and in the Special Verdict form you will use, the terms "directly caused" and "direct cause" mean a cause that had a substantial part in bringing about injuries to plaintiffs.

# INSTRUCTION NO. 10

Plaintiffs Michael Bavlsik and Kathleen Skelly allege three claims against defendant General Motors LLC. The essential elements of those claims are as follows:

## (1) Strict Liability Claim

In order to prevail on their strict liability claim, plaintiffs must prove each of the following numbered elements:

*First,* the plaintiffs' 2003 Savana van, when sold by defendant, was in a defective condition unreasonably dangerous when put to a reasonably anticipated use, because its seat belt restraint system:

was not equipped with a frontal activated pretensioner, or

was not equipped with an all belts to seat system, or

was not equipped with a sliding-cinching latch plate; and

*Second,* such defective condition, in one or more of the respects submitted in paragraph *First*, as existed when the plaintiffs' 2003 Savana van was sold, directly caused damage to plaintiff Michael Bavlsik.

## (2) Negligent Design Claim

In order to prevail on their negligent design claim, plaintiffs must prove each of the following numbered elements:

*First,* the plaintiffs' 2003 Savana van seat belt restraint system:

was not equipped with a frontal activated pretensioner, or

was not equipped with an all belts to seat system, or

was not equipped with a sliding-cinching latch plate, or

was not adequately tested by defendant, and

*Second*, defendant, in one or more of the respects submitted in paragraph *First*, failed to use ordinary care in the design of the plaintiffs' 2003 Savana van regarding its seat belt restraint system, and

*Third,* such negligence, in one or more of the respects submitted in paragraph Second, directly caused damage to plaintiff Michael Bavlsik.

2

### (3) Failure to Warn Claim

In order to prevail on their failure to warn claim, plaintiffs must prove each of the following numbered elements:

*First,* the plaintiffs' 2003 Savana van, when sold by defendant, was unreasonably dangerous when put to a reasonably anticipated use without a warning that its seat belt restraint system:

would not prevent a driver-occupant's head from contacting the roof during a rollover, or

was not equipped with a frontal activated pretensioner, or

was not equipped with an all belts to seat system, or

was not equipped with a sliding-cinching latch plate, and

*Second,* in one or more of the respects submitted in paragraph First, the plaintiffs' 2003 Savana van being sold without a warning directly caused damage to plaintiff Michael Bavlsik.

3

## INSTRUCTION NO. 11

You have heard some evidence about Federal Motor Vehicle Safety Standards. Evidence of compliance with Federal Motor Vehicle Safety Standards is relevant to, but not determinative of, whether the manufacturer exercised ordinary care in the design of its motor vehicles. You may consider this evidence along with other evidence in the case in determining whether the plaintiffs' 2003 Savana van was in a defective condition unreasonably dangerous or whether the manufacturer exercised ordinary care in the design of this product. Even if a vehicle meets all Federal Standards, you may find the vehicle defective or the manufacturer negligent.

# INSTRUCTION NO. 12

You have not heard any evidence about who caused the collision between the van and boat trailer. The cause of that initial collision is not relevant to this case. This case is about the design of the van.

Thus, the cause of the initial collision must not impact your deliberations or verdict in any way. You must put any speculation about the cause of the initial collision out of your minds.

# INSTRUCTION NO. 13

The mere fact that an injury occurred does not by itself mean that any party to this lawsuit is liable.

# INSTRUCTION NO. 14

If you find in favor of plaintiff Michael Bavlsik on any or all of the aforesaid claims, then you must award plaintiff Michael Bavlsik such sum as you believe will fairly and justly compensate plaintiff Michael Bavlsik for any damages you believe he has sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

If you find in favor of plaintiff Michael Bavlsik on any or all of the aforesaid claims, and you further find that plaintiff Kathleen Skelly sustained damage as a direct result of the injury to her husband, plaintiff Michael Bavlsik, you must award plaintiff Kathleen Skelly such sum as you believe will fairly and justly compensate plaintiff Kathleen Skelly for any damage due to injury to her husband which you believe she has sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

If you award future health and personal care expense or future loss of earnings damages, the amount or amounts you award must be reduced by you to the present value of those damages.

# INSTRUCTION NO. 15

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

1

The court has prepared for you a set of written questions for you to answer. These questions are captioned "Special Verdict." These questions, which I shall read to you, will be provided to you in writing and contain places for you to record your findings. You will note that some questions should be answered only if certain answers are given to prior questions. The form contains specific directions about how to proceed. Consider the questions in their numerical order and follow the stated directions. The jury must record as its findings only answers to which all 8 jurors unanimously agree. When you have unanimously decided upon the answer to any question considered, the foreperson will record the answer in the space provided. When you have finished, the foreperson will sign the form and you will return it into court. I will now read the Special Verdict form to you.