UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BAVLSIK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:13 CV 509 DDN |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the contested motion of the plaintiffs for leave to identify an additional expert witness (Doc. 242) and the contested motion of defendant for leave to identify three additional expert witnesses. (Doc. 245). The matters are fully briefed and ready for disposition without a hearing. *See* E.D.MO. L.R. 78-4.02.

The parties are preparing for a new jury trial on damages only.[1] At the first trial, plaintiffs provided experts to prove both liability and damages. Defendant's witnesses, however, testified about matters related to defendant's liability, and defendant did not

---

[1] A note about the Court's understanding of the fact issues to be presented to the jury is appropriate. This Court and the Court of Appeals referred to the prospect of a trial on remand on the issue of plaintiff Michael Bavlsik's future damages and plaintiff Kathleen Skelly's past and future damages. (Doc. 206 at 22; Doc. 221 at 18-19). The term "future damages" in this Court's and the Court of Appeals' opinions refers to the future actual compensatory damages to which each plaintiff is entitled as a result of the jury's finding of defendant's negligent failure to adequately test, as of September 30, 2015, the date the jury rendered its verdict. Between that date and the date on which the new jury will render a verdict on retrial, plaintiffs' damages, which on September 30, 2015, were future and thus speculative, have become actually experienced. In the coming trial, the jury will be asked to find separately (a) the damages suffered by plaintiff Bavlsik for the period from the rendering of the first verdict to the rendering of the verdict on retrial, (b) the future damages to be suffered by plaintiff Bavlsik after the rendering of the verdict on retrial, (c) the past damages suffered by plaintiff Skelly from July 7, 2012, to the date of the verdict on retrial, and (d) her future damages after the date of the verdict on retrial.

offer damages-specific experts. Plaintiffs' expert Thomas R. Ireland, Ph.D., testified on future loss of earnings and loss of earning capacity in terms of "present value." (Doc. 156 at 121-34; Doc. 157 at 17-22). Plaintiffs' second expert Nancy J. Bond, a life care planner, testified about future health and personal care damages without reducing the future value to present value. (Doc. 156 at 73-101). At the close of the first trial, the Court instructed the jury that:

> If you award future health and personal care expense or future loss of earnings damages, the amount or amounts your award must be reduced by you to the present value of those damages.

(Doc. 190 at 8).

The jury awarded plaintiff Michael Bavlsik $294,164 for past physical and emotional pain and physical impairment; $576,701 for past health and personal care; $129,135 for past loss of earnings; $0 for future health, personal care expense, future loss of earnings; and plaintiff Kathleen Skelly $0 for past and future loss of consortium. Upon defendant's motion for judgment as a matter of law, the Court vacated the damages verdict and entered judgment for defendant, conditionally granting a retrial on damages should the judgment be reversed. Plaintiffs appealed and the Eighth Circuit reversed the entry of judgment as a matter of law, remanding for retrial on damages only. *Bavlsik v. Gen. Motors, LLC,* 870 F.3d 800, 812 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 1991 (2018).

In anticipation of the retrial on damages following remand, this Court issued an amended case management order, which provided that:

> The parties are limited to those witnesses who actually testified at the previous trial, but upon a showing of good cause, the parties will be granted limited leave to identify additional fact and expert witnesses. All motions for good cause must be filed no less than 14 days before the relevant disclosure deadline, with hearings to be set by the Court on an as-needed basis.

(Doc. 239).

Plaintiffs have now moved for leave to identify an additional expert: an economist to testify about calculating the present value of damages. Plaintiffs explain that this

motion is founded on good cause, as they did not previously retain this expert because they had a good-faith belief the jury would not be required, under Missouri law, in its verdict to reduce future damages to their present value, citing *Klotz v. St. Anthony's Med. Ctr.*, 311 S.W.3d 752, 762 (Mo. 2010); and *Cole v. Goodyear Tire & Rubber Co.*, 967 S.W.2d 176, 186 (Mo. Ct. App. 1998). Defendants respond that plaintiffs are seeking "an improper 'do over' of something they could have handled differently in the first trial, but presumably for strategic reasons chose not to." (Doc. 243 at 1).

The purpose of expert testimony is to help the trier of fact understand the evidence or determine a fact at issue in the case. *See* Fed. R. Evid. 702(a); *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016). Given the jury's findings of damages at the first trial, the Court finds that plaintiffs have established good cause for the identification of another expert witness to testify about reducing future damages to their present value.

Defendant has moved for leave to identify three additional experts corresponding with plaintiff's anticipated expert witnesses, a doctor, a life care planner, and an economist. Defendant claims that because its strategy at the first trial was to disprove liability, which would preclude an award of damages, none of its liability expert witnesses from the first trial would be able to respond to plaintiffs' damages experts. Defendant argues that its motion is timely and made in good faith, and, in seeking to minimize any undue prejudice or delay, it has already retained its expert witnesses and commissioned expert reports so that they may quickly be disclosed to plaintiffs.

Plaintiffs respond that defendant's motion is not made in good faith, because defendant represented to plaintiffs that it would not be identifying new expert witnesses at the second trial. Plaintiffs argue that the changed circumstance defendant relies on, namely, a damages-only trial when it had liability-only witnesses, was already apparent when defendant made its representations, and no other circumstances have changed since the Court's most recent scheduling order. Plaintiffs assert that defendant's motion to identify new experts is not supported by good cause and would result in unfair surprise and prejudice. Specifically, plaintiffs claim that they followed the Court's order and kept

their same witnesses, adding only the new economist expert, while defendant suggested it would not add witnesses. Plaintiffs argue that now defendant has the certainty of plaintiff's evidence with the advantage of surprise defense evidence, and this prejudice cannot be cured through depositions, because plaintiffs agreed to keep their same witnesses.

A damages-only re-trial is not typically a foreseeable circumstance, and defendant should not be penalized for calling only liability experts at the first trial. Although defendant could have identified its need for damages experts at an earlier date, or perhaps represented its need to plaintiffs at an earlier date, defendant nevertheless complied with this Court's scheduling order in moving for Court approval 14 days before its expert disclosure deadline. Defendant has retained experts and commissioned expert reports, minimizing any delay the identification might cause.

In fairness, the Court will give plaintiffs the longer of 14 days after receipt of defendant's experts' reports or until December 10, 2018, to identify rebuttal expert(s) upon a showing of good cause.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to identify an additional expert witness (Doc. 242) **is sustained.**

**IT IS FURTHER ORDERED** that the motion of defendant to identify three additional expert witnesses (Doc. 245) **is sustained.**

**IT IS FURTHER ORDERED** that plaintiffs may move the Court for approval of rebuttal expert witness(es) within 14 days after receiving the reports of defendant's experts, or by December 10, 2018, whichever is later.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 24, 2018.