IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL BAVLSIK, M.D.** and **KATHLEEN SKELLY,**  **Plaintiffs,**  vs.  **GENERAL MOTORS LLC,**  **Defendant.** | Case No. 4:13-CV-00509-DDN |

# PLAINTIFFS' MOTIONS IN LIMINE

Plaintiffs move for an order instructing Defendant and its attorneys:

1.  Not to mention, refer to, suggest, or bring before the jury, directly or indirectly, upon voir dire examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, documents used at trial, or in any other manner, any of the in limine matters set forth below, unless and until such matters have first been called to the court's attention, out of the presence and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and relevance of such matters;

2.  To inform all witnesses called by Defendant not to mention in the presence or hearing of the jury any of the below-enumerated in limine matters, unless and until specifically permitted to do so by ruling of the court; and

3.  If testimony to be presented to the jury has been taken before ruling on this motion and concerns matters subject to this motion, including without limitation oral statements, documents used in the testimony or statements of counsel, such matters should be stricken before presentation to the jury.

1

I.  INTRODUCTION

This is a damages only trial.  A prior jury already determined that General Motors was negligent in the design of Dr. Bavlsik's van and that General Motors's negligence caused Dr. Bavlsik to suffer a paralyzing neck injury.  This jury will be asked to determine only the amount of compensation Plaintiffs should receive for (1) Dr. Bavlsik's past physical and emotional pain and physical impairment from the time of the last verdict—September 30, 2015—through the date of this verdict, (2) Dr. Bavlsik's future physical and emotional pain and physical impairment, (3) Dr. Bavlsik's future health and personal care expenses, and (4) Mrs. Skelly's past and future loss of her husband's services and companionship.  Thus, all admissible evidence must be relevant to one of the categories of damages above.

II.  IN LIMINE MATTERS

The following matters are irrelevant and mentioning these issues would be confusing, distracting, and extremely prejudicial:

1. <u>All circumstances of the accident</u>, including but not limited to:

    a.  The cause of the accident;

    b.  That Plaintiff may have caused the accident;

    c.  That GM did not cause the accident;

    d.  That the van rolled over;

    e.  The speed of the vehicles;

    f.  That Dr. Bavlsik ran a stop sign;

    g.  That Dr. Bavlsik collided with a boat in the intersection;

    h.  That there were rumble strips at the intersection;

2

      i.    That Dr. Bavlsik did not have the right of way;

      j.    That the intersection was controlled by a stop sign;

      k.    That Dr. Bavlsik may have been changing the radio station at or near the time of the collision; and

      l.    Any error or conduct on the part of Dr. Bavlsik which might have caused or contributed to cause the accident.

2. <u>The amount of damages awarded by the prior jury</u>, including but not limited to:

      a.    The amount of past medical bills awarded;

      b.    The amount of past pain and suffering damages awarded;

      c.    The amount of future pain and suffering damages awarded;

      d.    The amount of future health care expenses awarded; and

      e.    The amount of consortium damages awarded.

3. <u>Plaintiffs' financial status</u>, including but not limited to:

      a.    Plaintiffs' wealth;

      b.    Plaintiffs' salary;

      c.    Plaintiffs' career earnings;

      d.    The colleges Plaintiffs' children attended or attend;

      e.    That Plaintiffs pay for their children's college;

      f.    That Plaintiffs can afford to pay for aides or medical care;

      g.    The market value of Plaintiffs' home;

      h.    That Plaintiffs do not have a mortgage on their home;

      i.    That Plaintiffs have a tennis court at their home; and

      j.    Plaintiffs' investment and retirement accounts.

4. <u>Collateral source evidence</u>, including but not limited to:

    a. Plaintiffs' life, disability, and long term care insurance; and

    b. Plaintiffs' health insurance.

5. <u>That the prior jury verdict was appealed</u>, including but not limited to:

    a. The post-trial motions of the parties;

    b. This Court's post-trial rulings; and

    c. The Eighth Circuit's opinion.

6. <u>Any argument or suggestion that GM was not negligent or that the van was not defective</u>, including but not limited to:

    a. Any suggestion or argument that the prior jury verdict was incorrect or inconsistent;

    b. Any mention that the vehicle met federal motor vehicles safety standards;

    c. Any mention of any of GM's defenses in the prior trial;

    d. Any suggestion that GM's negligence did not cause the injury;

    e. Any suggestion that the defective nature of the van did not cause the injury;

    f. Any suggestion that any conduct or action of Dr. Bavlsik caused the injury; and

    g. Any suggestion that the conduct or action of any third party caused the injury; and

    h. Any suggestion that OLD GM, not NEW GM designed, manufactured, or sold the van.

7. <u>Any jury nullification arguments</u>, including but not limited to:

   a. Suggesting that the jury disregard the law;

   b. Questioning the fairness or morality of the law;

   c. Criticizing the civil justice system;

   d. Denigrating the current state of the law;

   e. Denigrating or questioning the prior jury verdict; and

   f. Denigrating or questioning the Eighth Circuit's opinion or this Court's rulings.

8. <u>Any evidence of settlement negotiations</u>, including but not limited to:

   a. Any offers made;

   b. Any demands made;

   c. The refusal or failure of either party to settle the case; and

   d. The lack of offers or demands made.

9. <u>Any statements made by counsel to the prior jury or in briefing to this Court or the Eighth Circuit</u>, including but not limited to:

   a. The amount of damages previously requested;

   b. The substance of any argument made; and

   c. The absence of any argument or statement.

5

        Respectfully Submitted,

        **THE SIMON LAW FIRM, PC**

By:    /s/ Kevin M. Carnie Jr.
        John G. Simon, #35231MO
        Kevin M. Carnie Jr. #60979MO
        800 Market Street, Suite 1700
        St. Louis, Missouri 63101
        jsimon@simonlawpc.com
        kcarnie@simonlawpc.com
        (314) 241-2929
        (314) 241-2029 / Facsimile
        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 8th day of March 2019, the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system to all counsel of record.

        /s/ Kevin M. Carnie Jr.